[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application by the plaintiff, Karen Bongo, for a prejudgment remedy of attachment as to Harold Winslow for an accident in which his daughter Heather Winslow collided with Marie VanWart and caused her death. Heather Winslow was driving a motor vehicle and Marie VanWart was a pedestrian. The action is brought by Karen Bongo, Executrix of the Estate of Marie VanWart. The plaintiffs in this case are bringing this action against Heather Winslow, the driver of the car, and her parents, Sandra Winslow and Harold Winslow. The prejudgment remedy seeks to attach the house of Harold Winslow. The application for prejudgment remedy names only Harold Winslow as a defendant and the plaintiff seeks to attach CT Page 14291 property that he owns.
The plaintiff claims that the defendant, Harold Winslow, owns real property in East Lyme, Connecticut and seeks to attach it for damages caused by his daughter, Heather, while driving a motor vehicle owned and operated by her. It is the plaintiffs' claim that Harold is responsible because he is her father and permitted her to drive the car even though he knew or should have known that she was under heavy medication for anxiety and depression and that she should not have been driving a motor vehicle. He obtained the car for her in 1996 and the accident occurred on August 25, 2000. The plaintiff claims that Harold obtained the car for her and permitted her to drive it even though she was not fit to do so.
The defendant claims that there are no facts which could possibly form a basis for a liability claim against Harold and, therefore, the attachment of a house owned by him should not be permitted by the court. The plaintiff claims that Heather was not fit to drive the vehicle because of drugs that she was on from as long ago as 1993 when she was released from a mental hospital. The plaintiff claims that the father knew or should have known that she was not fit to drive and should have prevented her from doing so.
The court finds that the defendant, Heather Winslow, was 32 years of age at the time of the accident, that she was living with her father and mother at the time. Her mother was appointed her conservator because of the mental problems she was suffering from since her release from the hospital in 1993.
The defendant, Harold, claims that although he was her father, he had no duty to control his daughter's driving nor did he have any power or authority to do so. If anyone had authority, it was the mother who was the conservator. However, the mother is not the owner of the house therefore the attachment is not sought against her.
The defendant, Harold, further argues that since Heather got the car in 1996 she was able to drive it without accident or arrest and that therefore there was no reason for Harold to believe she was unfit to drive. Also, Harold claims that he had no ownership of the vehicle or control of who drove the vehicle. There is no law cited by the plaintiff that he had a duty or responsibility to control the driving of his daughter who at the time was over 21 years of age.
The plaintiff has failed to prove or even allege that Harold Winslow or anyone other than the owner and operator of the vehicle had exclusive control of the vehicle so as to show probable cause on the issue of Harold's liability. Because of this lack of evidence, the plaintiff has CT Page 14292 not established probable cause that would support a position that Harold Winslow could have negligently entrusted a vehicle which he does not own and over which he exercised no control.
Accordingly, the court finds that the plaintiff has failed to demonstrate probable cause that Harold Winslow is liable to the plaintiff under the governing law and her application for prejudgment remedy must, therefore, be denied.
D. Michael Hurley, Judge Trial Referee